United States District Court
Southern District of Texas
**ENTERED**
June 10, 2021
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ADMINISTRATIVE COMMITTEE OF THE KOCH INDUSTRIES EMPLOYEES' SAVINGS PLAN, *et al.*, | § § § § | |
| Plaintiffs. | § § | |
| VS. | § § | CIVIL ACTION NO. 4:21-cv-00222 |
| LANG HO AND KIEU HO, | § § § | |
| Defendants. | § | |

## ORDER AND OPINION

This case involves a dispute regarding the proper beneficiary of ERISA retirement benefits. Thoi H. Ho was a participant in both the Koch Industries Employees' Savings Plan and Pension Plan at the time of his death on February 2, 2019. The Plans each provide that if a participant is married at the time of death, the participant's surviving spouse is the presumed beneficiary of the participant's interest in the respective plan. Defendants Lang Ho and Kieu T. Ho each claim to be Thoi H. Ho's surviving spouse. After the ERISA administrators concluded that that they were "unable to determine who is entitled to surviving Spouse benefits under the Savings Plan and the Pension Plan without risking potential exposure to multiple liabilities," they filed this interpleader action so the district court could determine the proper beneficiary. Dkt. 1 at 3.

The only issue I have to decide right now is the proper scope of discovery. Lang Ho and Kieu T. Ho have filed a joint submission, outlining their respective positions on the appropriate scope of discovery in this matter. *See* Dkt. 15. Lang Ho maintains that:

> (i) there should be no discovery other than the production of the administrative record, (ii) the administrative record constitutes the only admissible evidence and has already been provided in full by the Plaintiff, (iii) this dispute should be decided on cross motions for

> judgment on the administrative record, and (iv) the trial of this case,
> if any, should be limited to the Court's review of the administrative
> record without any witness testimony.

*Id.* at 1–2. Kieu T. Ho takes the exact opposite position, arguing that she has the right to utilize the normal discovery processes available under Federal Rule of Civil Procedure 26(b) to prepare for trial. She notes:

> [T]his is not a case where the Court is limited to an examination of the
> administrative record. This is not a case of a denial of benefits by an
> ERISA administrator. Instead, the ERISA administrator has filed this
> instant interpleader as it determined that it cannot determine the
> rightful beneficiary of the subject pension proceeds. . . . Simply put,
> this is not a case where this Court is being asked to review an ERISA
> administrator's benefits determination, because the ERISA
> administrator has made no such determination.

*Id.* at 2. After oral argument, I asked the parties to file supplemental briefing to highlight the case law each side felt supported its respective position. I have now had a chance to carefully review that supplemental briefing, analyze the cited case law, and conduct my own research on the issues involved.

To begin, I note that the Fifth Circuit has repeatedly held that a district court's review of a claim for disability benefits under an ERISA plan is confined to the evidence before the claims administrator and contained in the administrative record. *See Ariana M. v. Humana Health Plan of Tex., Inc.*, 884 F.3d 246, 256–57 (5th Cir. 2018); *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 299 (5th Cir. 1999). A district court is not permitted to stray beyond the administrative record, except for "certain limited exceptions . . . related to either interpreting the plan or explaining medical terms and procedures relating to the claim." *Vega*, 188 F.3d at 299. Allowing a party to conduct discovery outside the administrative record in a disability benefits matter would run counter to ERISA's twin "goals of allowing for efficient yet meaningful judicial review." *Ariana M.*, 884 F.3d at 257.

Although discovery is generally not permitted in an ERISA denial of benefits action, the instant case is not a denial of benefits situation; rather, it is a dispute

between competing claimants, each alleging that she is the surviving spouse entitled to benefits under the Savings Plan and the Pension Plan. Unlike traditional denial of benefits cases in which an ERISA administrator decides whether a claimant is entitled to benefits, the ERISA administrators in the present case have <u>not</u> determined the respective rights of the claimants. They insist that they tried to make a decision, but they have been unable to determine which of the claimants is the appropriate beneficiary. That's why they filed this interpleader action. It is now up to me, acting with the consent of the parties, to determine the proper beneficiary.

It is telling that I cannot uncover a single case in any of the 94 judicial districts crisscrossing this great nation suggesting that competing interpleader claimants in an ERISA action are prohibited from engaging in discovery. Instead, numerous courts have held that when an interpleader action requires the district court to determine the respective ERISA rights of multiple claimants, it is wholly appropriate for the rival claimants to utilize the available discovery processes. *See Humana Ins. Co. of Ky. v. O'Neal*, 727 F. App'x 151, 156 (6th Cir. 2018) ("When interpleader is properly invoked, as it is here, the court determines the respective rights of the claimants to the fund or property at stake through the normal litigation processes, including pleading, discovery, motions, and trial."); *Prudential Ins. Co. of Am. v. Delph*, No. 6:18-CV-298-REW, 2020 WL 3002341, at *4 (E.D. Ky. June 4, 2020) (A district court is not "limited to consideration of any 'administrative record,' which is, essentially, nonexistent in this case, given Prudential's lack of decision on the competing claims and the subsequent interpleader filing."). I decline to stray from this apparently uniform approach.

The underlying purpose of discovery is to allow the parties to obtain full knowledge of the facts so they can present their best case to the fact-finder. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Keeping that overarching principle in mind, I see no reason to limit discovery in this case to the

administrative record. In filing the interpleader action, the ERISA administrators specifically told me that they are unable to determine the proper beneficiary under the plans due to "[c]onflicting issues of fact and law." Dkt. 1 at 3. To serve justice and advance the court's truth-seeking function, I want—and need—to be able to fully consider the evidence uncovered by the parties as part of the discovery process. That would put me, as the fact-finder, in an ideal informational position, allowing me to make the most reasoned and educated decision possible.

Accordingly, I will permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure. Given this ruling, I ask the parties to confer and file a proposed docket control order by **Wednesday, June 16 2021**. If there are any disagreements, please make that clear. I will review the parties' proposed dates and promptly issue a docket control order to govern this case.

SIGNED this 10th day of June 2021.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE